# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LODGY JACKSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE,<br><br>　　　　Respondent. | Case No. 1:23-cv-00115-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Lodgy Jackson is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Petitioner's statutory claims cannot be brought pursuant to 28 U.S.C. § 2241, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1.)[1] Petitioner pleaded guilty in the United States District Court for the Eastern District of Missouri to: conspiracy to possess with intent to distribute cocaine, conspiracy to possess a firearm in furtherance of a drug trafficking crime, and possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 1 at 2.) On December 12, 2013,

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

Petitioner was sentenced to an imprisonment term of 400 months. (ECF No. 1 at 2.) Petitioner did not pursue a direct appeal or file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Id. at 4.)

In the instant federal petition for writ of habeas corpus, Petitioner asserts that he is actually innocent in light of United States v. Davis, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019), and United States v. Taylor, 142 S. Ct. 2015, 213 L. Ed. 2d 349 (2022). (ECF No. 1 at 4, 7, 11.)

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). The Ninth Circuit has "consistently held that 'motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.'" Pinson v. Carvajal, 69 F.4th 1059, 2023 WL 3876485, at *6 (9th Cir. 2023) (quoting Hernandez, 204 F.3d at 864). "Thus, in order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Hernandez, 204 F.3d at 865.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e).

In a recent decision, the Supreme Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a §2241 petition." Jones v. Hendrix, 143 S. Ct. 1857, 1864 (2023).

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all.

Jones, 143 S. Ct. at 1869.

Here, Petitioner has filed a § 2241 petition pursuant to the savings clause in light of United States v. Davis, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019), and United States v. Taylor, 142 S. Ct. 2015, 213 L. Ed. 2d 349 (2022). In Davis, the Supreme Court held that 18 U.S.C. "§ 924(c)(3)(B) is unconstitutionally vague," but specifically noted that "while the consequences in this case may be of constitutional dimension, the real question before us turns out to be one of *pure statutory interpretation*." 139 S. Ct. at 2336, 2327 (emphasis added). In Taylor, the question before the Supreme Court was whether "attempted Hobbs Act robbery qualif[ies] as a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)," which is also an issue of statutory interpretation. 142 S. Ct. at 2016. The petition itself notes that "Davis and Taylor are statutory interpretations of law." (ECF No. 1 at 4.) Based on the foregoing, the Court finds that Jones precludes Petitioner from bringing statutory Davis and Taylor claims in a § 2241 petition pursuant to the savings clause.[2]

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

---

[2] This conclusion does not prevent Petitioner from attempting to pursue his claims in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed in the sentencing court. The Court expresses no opinion as to the merits of Petitioner's claims or whether the jurisdictional and procedural requirements for such a § 2255 motion are satisfied.

Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 18, 2023**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE